UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBEN SANTOYO,

               Plaintiff,

      v.

NELSON RIVERA, et al.,

               Defendants.

No. 24 CV 1233

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Ruben Santoyo was evicted in February 2023. He sues the Cook County Sheriff's Department deputies and deputy-sergeant who were involved in his eviction for violations of the Fourth Amendment's right against unreasonable searches and seizures, false imprisonment, due process, equal protection, negligence, and emotional distress.

Defendants, Deputies Rivera, Evans, Rodriguez, Vargas, Davila, Gonsalves, Perry, Galbreath, and Perez-Soto, and Deputy-Sergeant Locasio, move to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion to dismiss for failure to state a claim is granted.

## I. Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the

plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff does not need to recite every detail related to their allegations, they must "include enough facts to present 'a story that holds together.'" *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (quoting *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. District courts lack jurisdiction to exercise appellate jurisdiction over state-court judgments. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (en banc), *cert. denied*, 145 S. Ct. 1167 (2025). Under the *Rooker-Feldman* doctrine, I do not have jurisdiction to hear a claim that seeks to overturn a state court judgment. *Id.* The plaintiff bears the burden of establishing jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678; *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II. Facts

On February 14, 2023, plaintiff Ruben Santoyo was evicted, and defendants Cook County Sheriff's Deputies Nelson Rivera, Derrick Evans, Mark Rodriguez, Elizabeth Vargas, Hector Davila, Savio Gonsalves, Perez-Soto, Roy Perry, and Renea

Galbreath and Deputy-Sergeant Alex Locasio enforced the eviction order. [29] at 3.[1] Santoyo alleges that a court stayed the eviction, but despite the stay, the eviction proceeded. [29] at 4. He also says he was not provided adequate notice or an opportunity to contest the eviction in court. [29] at 4.

Santoyo alleges that as a result of the eviction, his personal belongings were damaged and lost, causing emotional distress, including anxiety, fear, and humiliation. [29] at 4. Finally, Santoyo alleges the eviction was discriminatory "based on a remark made about his lack of a middle name." [29] at 4.

## III.   Analysis

### A.   Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A federal district court lacks jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Gilbank*, 111 F.4th at 766 (quoting *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine is a limited doctrine. *Id.* at 765; *id.* at 792–93 (Kirsch, J. concurring in part and dissenting in part) (citing *Exxon Mobil*, 544 U.S. at 291–92).[2] It is applied on a "claim-by-claim basis." *Id.* at 765.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's amended complaint, [29]. The court substituted Sheriff Tom Dart as a nominal defendant in plaintiff's original complaint, for purposes of discovery. *See* [8]. Plaintiff's amended complaint dropped Sheriff Dart as a defendant. [31]. The clerk shall terminate Dart as a defendant in the caption.

[2] This portion of the *Gilbank* opinion is the majority opinion of the en banc Seventh Circuit. A majority of the court joined Parts I, II, III, V, VI, and VIII of Judge Hamilton's opinion. A

The doctrine has five elements: (1) the federal plaintiff was a state-court loser; (2) the state-court judgment was final before the federal proceedings began; (3) the state-court judgment caused the alleged injury underlying the federal claim; (4) the federal claim asks the federal district court to review and reject the state-court judgment; and (5) the plaintiff did not have a reasonable opportunity to raise his federal issues in the state courts. *Id.* at 766. Under the fourth element, a federal claim must seek to "undo" or "overturn" the state-court judgment. *Id.* at 791–93 (Kirsh, J., concurring in part and dissenting in part). Claims for damages do not generally "seek to undo any state court judgment." *Id.* at 791–92 ("[A]warding damages usually does not affect a state court judgment not sounding in monetary terms."). While awarding damages for a federal claim "might result in a federal court frowning upon the state court's conclusions … that is decidedly not a *Rooker-Feldman* problem." *Id.* at 791. In short, a party who loses in state court may raise "precisely the same legal issues in federal court, so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court." *Id.* at 794 (emphasis in original) (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006)).

Santoyo seeks damages for the alleged violations of constitutional and state law. [29] at 5. The relief granted in the state court was an order of eviction. [52-1] at 21–22. In the state court, Santoyo sought to vacate the judgment and stay the eviction proceedings, both of which were denied by the Circuit Court of Cook County. [52-1]

---

majority of the court joined Part I of Judge Kirsch's concurrence in part, dissent in part (from which Judge Hamilton dissented in Part IV of his opinion).

at 23–26. The Illinois Appellate Court, First District, denied three of Santoyo's emergency motions to stay the eviction. [52-1] at 32–34. In his federal complaint, Santoyo does not seek to undo the order of eviction. He instead seeks damages for violations associated with the order of eviction. Because he seeks damages, Santoyo does not seek to "undo" or "overturn" the state-court order of eviction. *See Gilman*, 111 F.4th at 791 (Kirsch, J., concurring in part and dissenting in part). Because Santoyo, "in requesting damages," does not ask "to alter or annul any decision by a state judge," the *Rooker-Feldman* doctrine does not bar jurisdiction in this case. *Id.* I have subject-matter jurisdiction and can consider the merits of the case.

## B.     Motion to Dismiss for Failure to State a Claim

Defendants also argue that Santoyo's complaint fails to state a claim upon which relief can be granted.

When considering Santoyo's first complaint, Judge Maldonado found that the complaint stated a plausible due process allegation. [8] at 2–3. In Santoyo's amended complaint, he again alleges a procedural due process violation but includes fewer facts than he did in his initial complaint. *Compare* [1] at 1–2 *with* [29] at 3–4. He alleges that an eviction was carried out "[d]espite a stay filed at the court level" and without "adequate notice or an opportunity to contest the eviction in court." [29] at 3–4.

Procedural due process guarantees notice and the opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To state a due process claim, Santoyo must allege (1) the state deprived him of a protected interest in life, liberty, or

property, and (ii) the state's process in doing so was inadequate. *Sherwood v. Marchiori*, 76 F.4th 688, 696 (7th Cir. 2023). Judge Maldonado found that it was reasonable to infer that Santoyo had a property interest in his residence and that the sheriff's office interfered with that interest when they evicted him without notice and despite a valid stay of eviction order entered by a state court. [8] at 3. However, in its motion to dismiss, defendants include state court documents that contradict Santoyo's allegations. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion."). The state court record shows not only that Santoyo had notice of the eviction proceedings, but that he was present for them, had the opportunity to contest them, and that there was no stay order entered by a state court when he was evicted. [52-1] at 4, 21–22, 26, 32–34, 38–41, 44–47, 61–62, 70. Because the state court records show that Santoyo received notice and an opportunity to be heard, and because there was no stay entered by the state court, his complaint fails to state a claim for a violation of due process.

Santoyo also alleges that the eviction "constitutes a violation of Plaintiff's Fourth Amendment rights against unreasonable searches and seizures." [29] at 4. The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures, shall not be violated." U.S. Const., amend. IX. The Fourth Amendment applies to seizure of a property pursuant to an eviction order. *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513–14 (7th Cir. 2020). The "[f]orcible eviction of tenants … is by its very nature

a meaningful interference with their possessory interests." *Id.* at 514 (alteration in original) (quoting *Thomas v. Cohen*, 304 F.3d 563, 573 (6th Cir. 2002)). But even if a plaintiff alleges a seizure, he also must allege the seizure was unreasonable. *Id.* at 516.

According to the allegations in the complaint and the state court records, the defendants here effected an eviction pursuant to a lawful court order of eviction, and no stay was in place. No facts show the defendants acted unreasonably in seizing Santoyo's home or its effects. Santoyo has not alleged any facts to present a "story that holds together." *Roldan*, 52 F.4th at 339. Because Santoyo has failed to allege facts showing the defendants acted unreasonably, his claim for violations of the Fourth Amendment is dismissed.

Finally, plaintiff fails to state an equal protection claim. Judge Maldonado dismissed his equal protection claim because he failed to plead what protected characteristic was at issue and gave him the opportunity to amend his complaint to correct the defect. [8] at 3. Given the chance to amend his complaint, Santoyo again failed to allege any protected characteristic. [29] at 4. His equal protection claim is dismissed.

Santoyo's federal claims are dismissed with prejudice. Santoyo has been given an opportunity to amend his claims to cure deficiencies and failed to do so. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). In addition, as to his due process claims, any amendment would be futile, because the state court records clearly show he received all the process he was due. *See Russell v. Zimmer,*

*Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). And I have the discretion to dismiss with prejudice where a party does not request leave to amend the complaint or make a showing of how it could cure the defects in the complaint. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018).

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Smykla v. Molinaroli*, 85 F.4th 1228, 1239 (7th Cir. 2023) (quoting *Serv. Ctr. V. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). Factors in determining whether to relinquish jurisdiction include judicial economy, convenience, fairness, and comity. *Rogere v. City of Rockford*, 99 F.4th 1095, 1106 (7th Cir. 2024). Here, because the case is so early in the proceedings, there would be no unfairness in dismissing the claims for him to refile in state court. For the same reason, judicial economy is not a weighty factor. Because the remaining claims involve state law alone, comity also leans toward relinquishment of jurisdiction. Santoyo's state-law claims are dismissed without prejudice to refiling in state court.

Because Santoyo fails to state a federal claim and I do not retain jurisdiction over his state law claims, I do not need to reach the *res judicata* or immunity issues.

## IV. Conclusion

Defendants' motion to dismiss, [52], is granted. Defendant Perez-Soto's motion to join the motion, [60], is granted. Plaintiff's federal claims are dismissed with

prejudice, and his state law claims are dismissed without prejudice to refiling in state court. Enter judgment and terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: June 23, 2025